# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN MASON, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LOWE'S COMPANIES, INC., | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

---

### DEFENDANT'S INDEX OF MATTERS BEING FILED

---

Pursuant to Local Rule CV-81, Defendants hereby attach this Index of Matters Being Filed to its Notice of Removal.

**Exhibit 1:**     All Executed Process:

- Executed Return of Service on Lowe's Companies, Inc. on November 8, 2021

**Exhibit 2:**     All State Court Pleadings:

- Plaintiff's Original Petition filed November 5, 2021
- Defendant's Original Answer and Jury Demand filed November 29, 2021

**Exhibit 3:**     State Court Docket Sheet

**Exhibit 4:**     List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

11/9/2021 1:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58998535
By: Lewis John-Miller
Filed: 11/9/2021 1:50 PM

CAUSE NO. 202172931

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 906095  TRACKING NO: 73935782
EML

| Plaintiff: | In The 055th |
|---|---|
| MASON, SUSAN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| LOWE'S COMPANIES INC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    LOWE'S COMPANIES INC (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED**
**BY SERVING ANY OF ITS OFFICERS DIRECTORS VICE PRESIDENT PRESIDENT OR**
**REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING**
**SERVICE COMPANY**
**211 E 7TH STREET SUITE 620, AUSTIN TX 78701-3218**
**OR WHEREVER ELSE IT AND/OR ITS AGENT MAY BE FOUND**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on November 5, 2021 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on November 5, 2021, under my hand and seal of said court.



Issued at the request of:                                          Marilyn Burgess, District Clerk

GORDON, AMANDA DELAYNE                                 Harris County, Texas
2000 WEST LOOP SOUTH SUITE 1850                    201 CAROLINE  Houston Texas 77002
HOUSTON, TX  77027                                            (PO Box 4651, Houston, Texas 77210)
832-533-8689
Bar Number: 24103737

Generated By:MARIA RODRIGUEZ

Tracking Number: 73935782

EML

**CAUSE NUMBER: 202172931**

PLAINTIFF: MASON, SUSAN                               In the 055th

      vs.                                                      Judicial District Court of

DEFENDANT: LOWE'S COMPANIES INC                        Harris County, Texas

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____

in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
           Affiant                                                     Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

<span style="color:red">*** AFFIDAVIT OF SERVICE ATTACHED ***</span>

## <u>AFFIDAVIT OF SERVICE</u>

| State of Texas | County of Harris | 55th Judicial District Court |

Case Number: 202172931

Plaintiff:
**Susan Mason**

vs.

Defendant:
**Lowe's Companies, Inc.**

For:
Amanda Delayne Gordon
2000 West Loop South
Suite 1850
Houston, TX 77027

Received by Lexitas Legal on the 5th day of November, 2021 at 4:45 pm to be served on **Lowe's Companies Inc., 211 E 7th Street, Suite 620, Austin, TX 78701**.

I, Chris Dathe, being duly sworn, depose and say that on the **8th day of November, 2021** at **11:25 am, I:**

served a **CORPORATION** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Evie Lichtenwalter** as **Intake Agent for Corporation Service Company** who is the Registered Agent for **Lowe's Companies Inc.**, at the address of: **211 E 7th Street, Suite 620, Austin, TX 78701**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 8th day of November, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

CECILIA DATHE
ID #129576644
My Commission Expires
September 29, 2025

**Chris Dathe**
PSC 6008, Exp. 12-31-22

**Lexitas Legal**
**4299 San Felipe Street**
**Suite 350**
**Houston, TX 77008**
**(713) 395-1809**

Our Job Serial Number: MCI-2021001752

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Sebastian Campos on behalf of Rodney  Drinnon
Bar No. 24047841
scampos@mccathernlaw.com
Envelope ID: 58998535
Status as of 11/9/2021 2:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sebastian Campos | | scampos@mccathernlaw.com | 11/9/2021 1:50:21 PM | SENT |
| Rodney Drinnon | | rdrinnon@mccathernlaw.com | 11/9/2021 1:50:21 PM | SENT |
| Amanda Gordon | | agordon@mccathernlaw.com | 11/9/2021 1:50:21 PM | SENT |
| Ronald Wright | | rwright@mccathernlaw.com | 11/9/2021 1:50:21 PM | SENT |

# EXHIBIT 2

11/5/2021 11:38 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58896522
By: Maria Rodriguez
Filed: 11/5/2021 11:38 AM

Cause No. _____

| | | |
|---|---|---|
| SUSAN MASON | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LOWE'S COMPANIES, INC. | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Susan Mason ("Ms. Mason" or "Plaintiff") and files this Original Petition against Defendant Lowe's Companies, Inc. ("Lowe's" or "Defendant") and would respectfully show the court as follows:

### I.   DISCOVERY CONTROL PLAN

1.1   Plaintiff intends to conduct discovery under Level 2 and affirmatively pleads that she seeks monetary relief in over $1,000,000. TEX. R. CIV. P. 47(c).

### II.   PARTIES

2.1   Plaintiff, Susan Mason, is an individual with a principal residence located in Montgomery County, Texas.

2.2   Defendant Lowe's Companies, Inc. is a foreign for-profit corporation conducting business in Texas. Defendant Lowe's may be served with service of process by serving any of its officers, directors, vice president, president or registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 or wherever else it and/or its agent may be found.

### III.   JURISDICTION & VENUE

3.1     The Court has jurisdiction over the cause in that it involves an amount in controversy within the jurisdictional limits of the Court. Tex. R. Civ. P. 47; Tex. GOV'T CODE §24.007. Venue is proper in Harris County, Texas under the general venue provision because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §§ 15.002(1)-(3).

### IV.   FACTS

4.1     On or about October 7, 2021 Plaintiff was severely injured while an invitee in Lowe's located at 14236 FM 2920, Tomball, Texas 77377, Store #1052 ("Lowe's").

4.2     Plaintiff and her husband were at Lowe's to purchase firewood for an upcoming camping trip. The firewood was stacked against the front of Lowe's store front. In front of the firewood, there was a display of riding lawnmowers. There was a large gap between the lawnmowers creating a walkway to access the firewood so that there was a riding lawnmower on each side of the walkway.  While Plaintiff was proceeding down the path between the lawnmowers to grab bundles of firewood, Plaintiff tripped and fell over a cable that connected the lawnmowers and ran across the walkway leading to the firewood.

4.3     As it turns out, the cable was not flush with the ground. Instead, the cable was hovering a few inches above the ground in the middle of the walkway and was even higher as the cable reached the lawnmower on either side. The following image depicts the scene of the incident forming the basis of this complaint:



4.4     The cable suspended in the walkway coupled with the failure address any safety measures posed by these dangerous conditions caused Plaintiff to fall violently and sustain serious injuries requiring emergency surgeries and extensive rehabilitation.

4.5     At the time of Plaintiff's injury, Defendant knew or should have known of the dangerous conditions created by the cable suspended in the middle of the walkway leading to the firewood and the risk such conditions posed to invitees such as Plaintiff.

4.6     Defendant failed to exercise ordinary care to protect the Plaintiff from this danger by failing to properly warn Plaintiff of the dangerous condition of the cable suspended in the walkway to make the walkway reasonably safe. Said acts and omissions of Defendant proximately lead to Plaintiff's injuries and damages.

## V.      CAUSES OF ACTION

### Count 1 – Premises Liability

5.1      Plaintiff re-alleges and incorporates by reference all allegations and facts set forth in paragraph 1.1 through 4.6 as if specifically restated herein.

5.2      Defendant owned, controlled or possessed the Lowe's located at 14236 FM 2920, Tomball, Texas 77377, Store #1052, to which Plaintiff was an invitee. The suspended cable in the walkway leading to the firewood posed an unreasonable risk of harm; a danger of which the Defendant knew or should have known. The Defendant breached this duty by failing to either adequately warn the Plaintiff of the dangerous condition or make the dangerous condition reasonably safe for the Plaintiff as an invitee. Defendant's breach proximately caused Plaintiff's injuries and serious damages described herein, for which Plaintiff now sues.

### Count 2 – Negligence

5.3      Plaintiff re-alleges and incorporates by reference all allegations and facts set forth in paragraphs 1.1 through 4.6 as if specifically restated herein.

5.4      Defendant owed a legal duty to Plaintiff, which Defendant breached in the following respects:

a.  In failing to inspect the walkway so Defendant could make safe or warn of the dangerous condition;

b.  In failing to maintain the walkway in a reasonably safe condition;

c.  In failing to properly warn Plaintiff of the dangerous and unsafe condition of the walkway.

d.  In permitting the walkway to remain in its unsafe condition;

e.  In failing to correct the unsafe condition of the walkway;

5.5    Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, proximately caused Plaintiff's injuries and damages described herein, for which Plaintiff now sues.

## VI.    DAMAGES

6.1    Plaintiff pleads the following damages that were the proximate cause of the occurrence referenced herein above:

   a.   Reasonable and necessary medical expenses in the past and future;

   b.   Physical pain and mental anguish in the past and future;

   c.   Physical impairment in the past and future;

   d.   Physical disfigurement;

   e.   Loss of earning in the past; and

   f.   Loss of earning capacity in the future.

6.2    Moreover, Plaintiff is entitled to exemplary damages pursuant to Texas Civil Practice & Remedies Code Chapter 41 *et seq.* Plaintiff hereby now sues for such damages.

## VII.    REQUEST FOR JURY TRIAL

7.1    Plaintiff requests a trial by jury and is paying the required jury fee concomitantly with the filing of this Petition.

## PRAYER

For the foregoing reasons, Plaintiff prays the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant, and awarded damages and exemplary damages in conformity with the allegations above, plus pre and post judgment interest as allowed by law, plus costs of court, and such other relief, whether at law or in equity, to which Plaintiff is justly entitled.

5 of 6

Respectfully Submitted,

**MCCATHERN-HOUSTON**

By: */s/ Amanda Gordon*
    **Rodney L. Drinnon**
    Texas Bar No. 24047841
    rdrinnon@mccathernlaw.com
    **Amanda Gordon**
    Texas Bar No. 24103737
    agordon@mccathernlaw.com
    2000 West Loop South, Suite 1850
    Houston, Texas 77027
    Tel. 832.533.8689
    Fax 832.213.4842
**ATTORNEYS FOR PLAINTIFF**

11/29/2021 6:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59532457
By: Kevin Childs
Filed: 11/29/2021 6:16 PM

## CAUSE NO. 2021-72931

| | | |
|---|---|---|
| SUSAN MASON | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LOWE'S COMPANIES, INC. | § | |
| | § | |
| *Defendant.* | § | 55TH JUDICIAL DISTRICT |

## DEFENDANT LOWE'S COMPANIES, INC.'S
## ORIGINAL ANSWER

Defendant, Lowe's Companies Inc., ("Lowe's") hereby files its Original Answer to Plaintiff's Original Petition as follows:

## I.
## GENERAL DENIAL

1.    Lowe's denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

## II.
## INFERENTIAL REBUTTALS

2.    Notwithstanding the foregoing, Lowe's asserts the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

    a.    ***New and Independent Cause / Superseding Intervening Cause***.  The alleged damages in question as set forth in the Petition were caused by the conduct of Plaintiff, and that said conduct destroyed any causal connection between the alleged acts or omissions of Lowe's and the injuries complained of thus becoming an independent, superseding, or intervening cause of the Plaintiff's alleged damages.

b.    ***Sole Proximate Cause***. The act(s) or omission(s) of Plaintiff or a third party was the sole cause of the damages she alleges in the Petition and therefore, Lowe's is not liable to the Plaintiff.

## III.
## AFFIRMATIVE DEFENSES

3.    Pleading further, alternatively, and by way of affirmative defense, Lowe's asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid and mitigate the claimed damages.

4.    Pleading further, alternatively, and by way of affirmative defense, Lowe's asserts that in the unlikely event that an adverse judgment would be rendered against it, Lowe's would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice & Remedies Code and under Texas law.

5.    Lowe's hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

6.    Pleading further, alternatively, and by way of affirmative defense, Lowe's asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred

by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.

7.      Pleading further, alternatively, and by way of affirmative defense, Lowe's hereby affirmatively pleads that Plaintiff engaged in acts, including acts of negligence, which caused Plaintiff's alleged damages.  Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from Lowe's.

8.      Pleading further, alternatively, and by way of affirmative defense, Lowe's hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

9.      Pleading further, alternatively, and by way of affirmative defense, Lowe's asserts that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.  Lowe's further asserts that Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Lowe's.

10.     Pleading further, alternatively, and by way of affirmative defense, Lowe's alleges that the accident made the basis of this lawsuit was just that, an accident, not caused by the negligence of any party.

11.     By way of affirmative defense, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limiting same to the net loss after reduction for income tax payments or unpaid tax liability thereon.  Accordingly, Lowe's specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

## IV.
## JURY DEMAND

12.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

## PRAYER

13.     Defendant, Lowe's Companies Inc. prays that Plaintiff take nothing by her lawsuit, that Lowe's go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Lowe's may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

 /s/ *Jason M. Gunderman*
Kevin P. Riley
State Bar No. 16929100
kriley@mayerllp.com
Jason M. Gunderman
State Bar No. 24085349
jgunderman@mayerllp.com
4400 Post Oak Parkway, Suite 1980
Houston, Texas   77027

**ATTORNEYS FOR DEFENDANT
LOWE'S COMPANIES INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of November 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| Rodney L. Drinnon | ☐E-MAIL |
| Amanda Gordon | ☐HAND DELIVERY |
| McCathern-Houston | ☐FACSIMILE |
| 2000 West Loop South, Suite 1850 | ☐OVERNIGHT MAIL |
| Houston, Texas   77027 | ☐REGULAR, FIRST CLASS MAIL |
| Email Service: | ☒E-FILE AND SERVE |
| rdrinnon@mccathernlaw.com | ☐E-SERVICE ONLY |
| agordon@mccathernlaw.com | ☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

***COUNSEL FOR PLAINTIFF***

/s/      *Jason M. Gunderman*
Jason M. Gunderman

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Dinorah Scholl on behalf of Jason Gunderman
Bar No. 24085349
dscholl@mayerllp.com
Envelope ID: 59532457
Status as of 11/30/2021 8:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sebastian Campos | | scampos@mccathernlaw.com | 11/29/2021 6:16:55 PM | SENT |
| Rodney Drinnon | | rdrinnon@mccathernlaw.com | 11/29/2021 6:16:55 PM | SENT |
| Amanda Gordon | | agordon@mccathernlaw.com | 11/29/2021 6:16:55 PM | SENT |
| Ronald Wright | | rwright@mccathernlaw.com | 11/29/2021 6:16:55 PM | SENT |
| Jason Gunderman | | jgunderman@mayerllp.com | 11/29/2021 6:16:55 PM | SENT |
| Kathy Keefer | | kkeefer@mayerllp.com | 11/29/2021 6:16:55 PM | SENT |
| Dinorah Scholl | | dscholl@mayerllp.com | 11/29/2021 6:16:55 PM | SENT |
| Kevin Riley | | kriley@mayerllp.com | 11/29/2021 6:16:55 PM | SENT |

# EXHIBIT 3

**HCDistrictclerk.com**   MASON, SUSAN vs. LOWE'S COMPANIES INC            12/7/2021
Cause: 202172931        CDI: 7        Court: 055

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| File Date | 11/5/2021 | Court | 055th |
| Case (Cause) Location | | Address | 201 CAROLINE (Floor: 9) |
| Case (Cause) Status | Active - Civil | | HOUSTON, TX 77002 |
| Case (Cause) Type | Premises | | Phone:7133686055 |
| Next/Last Setting Date | N/A | JudgeName | LATOSHA LEWIS PAYNE |
| Jury Fee Paid Date | 11/30/2021 | Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| MASON, SUSAN | PLAINTIFF - CIVIL | | GORDON, AMANDA DELAYNE |
| LOWE'S COMPANIES INC | DEFENDANT - CIVIL | | RILEY, KEVIN P. |
| LOWE'S COMPANIES INC (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED | REGISTERED AGENT | | |

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 11/29/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 11/29/2021 | ANSWER ORIGINAL PETITION | | | 0 | | RILEY, KEVIN P. | LOWE'S COMPANIES INC |
| 11/29/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 11/5/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 11/5/2021 | ORIGINAL PETITION | | | 0 | | GORDON, AMANDA DELAYNE | MASON, SUSAN |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|-----------|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | LOWE'S COMPANIES INC (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED | 11/5/2021 | 11/5/2021 | 11/8/2021 | | | 73935782 | E-MAIL |

211 E 7TH STREET SUITE 620 AUSTIN TX 78701

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 99160510 | DEFENDANT LOWE'S COMPANIES, INC.'S ORIGINAL ANSWER | | 11/29/2021 | 6 |
| 98862420 | Citation Return | | 11/09/2021 | 4 |
| 98805002 | Plaintiffs Original Petition | | 11/05/2021 | 7 |
| 98814574 | eIssue: Citation Corporate | | 11/05/2021 | 2 |

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN MASON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LOWE'S COMPANIES, INC., | § | |
| *Defendant*. | § | JURY TRIAL DEMANDED |

### COUNSEL OF RECORD AND INFORMATION PURSUANT TO
### LOCAL RULE CV-81(C)

(1)     A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

      *Plaintiff*     Susan Mason

      *Defendant*    Lowe's Companies, Inc.

      The removed case is currently pending.

(2)     A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

      See attached civil cover sheet and documents attached to Defendant's Notice of Removal as *Exhibit "A."*

(3)     A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

---

| | |
|---|---|
| **MCCATHERN-HOUSTON**<br>Rodney L. Drinnon<br>Amanda Gordon<br>2000 West Loop South, Suite 1850<br>Houston, Texas   77027<br>Email Service:  rdrinnon@mccathernlaw.com<br>agordon@mccathernlaw.com<br><br>*Counsel for Plaintiff*<br>*Susan Mason* | **MAYER LLP**<br>Kevin P. Riley<br>State Bar No. 16929100<br>E-mail: kriley@mayerllp.com<br>Jason M. Gunderman<br>State Bar No. 24085349<br>E-mail: jgunderman@mayerllp.com<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br>713.487.2000/713.487.2019 – fax<br><br>*Counsel for Defendant*<br>*LOWE'S COMPANIES, INC.* |

(4)     A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendant has requested a trial by jury.

(5)     The name and address of the court from which the case is being removed.

55th District Court of Harris County, Texas
Honorable Latosha Lewis Payne
201 Caroline, 9th Floor
Houston, Texas 77002
T: 713.368.6055